# INTERNATIONAL PAPER COMPANY
## *v.* Michael B. McGOOGAN

73-220                                                              504 S.W. 2d 739

Opinion delivered February 4, 1974

*Bridges, Young, Matthews & Davis,* for appellant.

*Youngdahl, Brewer, Huckabay, Funk & Larrison,* for appellee.

Frank Holt, Justice. Appellee was an employee of appellant when he suffered an injury to the thunb of his left hand. The commission awarded temporary total disability benefits and the circuit court affirmed. On appeal appellant asserts for reversal that the facts found by the commission do not support the award. The issue presented is stipulated by the parties as to "[W]hether or not a student who is injured while in fulltime employment, and who subsequently returns to school as he intended at the time of his employment, and who is still in his healing period, is entitled to temporary total disability benefits during the school term." The injury is admittedly compensable.

Appellee worked for appellant during the summer months to earn wages for the announced purpose of attending the University of Arkansas at the beginning of the 1970 fall semester. As planned, he attended the University that academic year, during which time the appellant suspended payments of temporary total disability benefits for loss of wages. The appellee was a fulltime student and neither sought nor performed any employment during the school year. He made numerous trips to Little Rock for medical treatments for which he was compensated by appellant. At the beginning of the summer of 1971, the healing period not having ended, the appellant renewed payment of disability benefits for wage losses. Appellant only controverts temporary total disability payments to the appellee during the time he is a student. It was agreed that appellant is liable for permanent partial disability benefits whenever that can be determined. Therefore, the sole issue presented for our determination concerns the extent to which the appellee is entitled to temporary total disability compensation. This issue is one of first impression.

It is the appellee's position that his eligibility for temporary total disability benefits is solely a medical fact question. It is agreed that the healing period has not ended and the medical testimony is to that effect. Appellant, to the contrary, takes the position that temporary total disability benefits are intended for actual wage losses. To resolve this issue we first resort to the applicable statutory provisions of our Workmen's Compensation Act. Ark. Stat. Ann. § 81-1302 (e) (Repl. 1960) provides:

'Disability' means incapacity because of injury to earn, in the same or any other employment, the wages which the employee was receiving at the time of the injury.

See also § 81-1313 (c) which provides that an injured employee who sustains a scheduled permanent injury shall receive compensation during the healing period.

In construing our Workmen's Compensation Act, it is well settled that we recognize it was enacted for

beneficent and humane purposes and in giving effect to these purposes, we construe the statutory provisions liberally in favor of the claimant, resolving doubtful cases in favor of the claimant. This rule of statutory construction was recently recognized in *Hartz Seed Co.* v. *Thomas,* 253 Ark. 176, 485 S.W. 2d 200 (1972), citing *International Paper Co.* v. *Tidwell,* 250 Ark. 623, 466 S.W. 2d 488 (1971), and to the same effect is *Cummings* v. *United Motor Exchange,* 236 Ark. 735, 468 S.W. 2d 82 (1963). Had the drafters of our Workmen's Compensation Act intended an exemption, as claimed in the case at bar, appropriate language could have easily removed any doubt by so stating. The Act does not prohibit the controverted payment.

In *McKenzie* v. *Campbell & Dann Mfg. Co.,* 209 Tenn. 475, 354 S.W. 2d 440 (1962), the Tennessee court held that temporary total disability benefits are payable without any interruption from the time of the injury to the time at which the degree of permanent disability is ascertainable. Cf. *Khachgdoorian's Case,* 329 Mass. 625, 110 N.E. 2d 115 (1963) and *Underwood* v. *Terminal-Frouge Builders,* 128 So. 2d 605 (Fla. 1961). In *Underwood* we think it was aptly stated:

> Neither do we think it should be held that because a claimant, during a period of disability, becomes a full-time student he should be precluded from receiving compensation, if he is in fact disabled. Such a rule would not only be unsupported by any provision of Workmen's Compensation Law, it would, we believe, also violate the spirit and intent of the Workmen's Compensation Law by penalizing a claimant for attempting through the furtherance of his education to limit the effect of his disability.

In the case at bar, appellant persuasively presents the argument that it is unjust to require payment during the school year based upon temporary total disability; however, when we construe the applicable portions of the Workmen's Compensation Act, as previously discussed, in accordance with the beneficent purpose of the act and resolve all doubts in favor of the claimant, as we must do, we are of the view the commission was correct.

Affirmed.