Wayne PYLES, Employee, *v.*
TRIPLE F. FEEDS OF TEXAS, INC., Employer,
and CRAWFORD AND COMPANY, Insurance Carrier

CA 80-210                                    606 S.W. 2d 146
Court of Appeals of Arkansas
Opinion delivered October 15, 1980

730

*Boyett & Morgan, P.A.*, by: *Comer Boyett, Jr.*, for appellant.

*Bailey, Trimble & Pence*, by: *Rick Sellars*, for appellees.

JAMES H. PILKINTON, Judge. Wayne Pyles was an employee of Triple F. Feeds of Texas, Inc., when he suffered a back injury on October 22, 1976. The injury is admittedly compensable. The carrier paid temporary total disability benefits from the date of the injury until December 31, 1976. The Commission found that claimant's healing period did not end until January 3, 1978, and fixed his degree of permanent disability as of that date. The Commission, however, failed to order the carrier to pay temporary disability of any amount during the period from December 31, 1976, to January 3, 1978, the end of the healing period when the degree of permanent disability was fixed.

The decision of the Arkansas Workers' Compensation Commission was affirmed by the Circuit Court of White County, Arkansas; and claimant has appealed from that part of the circuit court order denying claimant compensation during the entire healing period.

After the injury appellant saw Dr. Olen Bridges and took ultrasonic treatments. Several days later, Dr. Bridges referred him to Dr. Thomas Fletcher. Appellant was then hospitalized for one week and received physical therapy, traction, further ultrasonic and other treatments. He continued physical therapy on an out-patient basis. After some treatment appellant testified that he felt better and sought employment with Helena Chemical Company, even though he still had some numbness in his leg. He said that he tried the job with Helena Chemical, but it required travel in his car and that his condition gradually deteriorated. Appellant testified that he had made up his mind he would not continue

in the employment with Helena Chemical and, almost simultaneously with that decision on his part, Helena Chemical terminated its activities in Arkansas and he was out of a job witout having to actually quit. Appellant testified that during this period of time he was taking medication prescribed by Dr. Bridges. He also admitted signing up for unemployment compensation because, as he put it, "I thought there was some type of job I might be qualified for but there was nothing that I was able to do, and in August (1977) I attempted to go into the real estate business." Appellant further testified that during this period of time he made inquiries for placement in other agricultural concerns but no potential employer would hire him after learning of his injury. He continued home exercises on doctor's instructions and was still taking drugs at the time of the hearing. For several years appellant has held a salesman's license in real estate. He testified that he made approximately $850.00 gross during his real estate career but his expenses exceeded the amount earned. Appellant said that he had been living off the equity of the sale of his home and on loans from his family. He testified that as a result of his back injury he was unable to work in any type of job in line with his training. He said that the lower part of his back was numb and this numbness increases when his activities increase. He testified that he could not lift anything of substantial weight, bend over, turn or twist without pain.

The carrier controverted temporary total disability payments to appellant during the time from December 31, 1976, to January 3, 1978, on the ground that he was employed or seeking employment during that period of time. The permanent partial disability benefits were determined as of January 3, 1978, and are not involved in this appeal. Therefore, the sole issue presented for our determination concerns the extent to which the appellant is entitled to temporary total disability compensation during the healing period.

It is the appellant's position that his eligibility for temporary total disability benefits is solely a medical fact question. The Commission found that the healing period did not end until January 3, 1978, and the uncontradicted medical

testimony is to that effect. Appellees, to the contrary, take the position that temporary total disability benefits are intended for actual wage losses, and point to the statutory provision of the Workers' Compensation Act, Ark. Stat. Ann. § 81-1302(d) (Repl. 1976), which provides:

> Disability means incapacity because of injury to earn, in the same or any other employment, the wages which the employee was receiving at the time of the injury.

The Arkansas Supreme Court, in dealing with a somewhat similar question, but involving a scheduled injury, construed our Workers' Compensation Act in *International Paper Company* v. *McGoogan*, 255 Ark. 1025, 504 S.W. 2d 739 (1974). It is well settled that courts must construe the applicable portions of the Workers' Compensation Act liberally in favor of the claimant, resolving doubtful cases in favor of the employee, and in keeping with the beneficial and humane purposes of the act. Temporary total disability for the entire healing period was found to be due, although claimant in *International Paper Company* v. *McGoogan, supra*, was a student and was in school during a part of the healing period. We think that the case now before us is controlled by the rationale of *International Paper Company* v. *McGoogan, supra*.

Appellee argues that § 81-1313(c) which was involved in the *McGoogan* case dealt with a scheduled injury and that the subsection on scheduled injuries specifically provides that an injured employee (who sustains a scheduled injury) shall receive compensation during the healing period. Appellee points out correctly that subsection (d) of § 81-1313 does not contain language specifically referring to the healing period. The language contained in subsection (d) states:

> A permanent, partial disability not scheduled in subsection (c) hereof, shall be apportioned to the body as a whole, which shall have a value of 450 weeks, and there shall be paid compensation to the injured employee for the proportionate loss of use of the body as a whole resulting from the injury.

Appellee thus argues that since subsection (d) does not

specifically provide that compensation shall be paid to the injured employee for the *healing period*, the Commission correctly refused compensation to appellant for the period of December 31, 1976, through January 3, 1978. The reasoning of appellant in this regard is difficult to follow. In reviewing subsection (f) of § 81-1313 which relates to second injury, under subsection (2)(ii) we find that the Act presently provides:

> If the subsequent injury is one that is not scheduled under Section 13(c) of this Section, the injured employee shall be paid compensation *for the healing period* and for the degree of disability which would have resulted from the subsequent injury if the previous disability had not existed. (Emphasis supplied)

It is not logical to believe that the Arkansas General Assembly under the provisions at the time of this hearing intended to treat unscheduled *first injury* cases differently from unscheduled *second injury* cases. Since subsection (d) refers back to subsection (c), and uses the word "compensation," it obviously refers to *compensation* within the same meaning as previously used. This would include benefits to be paid during the healing period. While the wording of the act is not entirely clear, it seems more logical to ascribe to the Legislature an intent that an employee in Arkansas, suffering an unscheduled first injury, is to be paid compensation for *the healing period* as is done in case of a second injury or for a scheduled injury. As pointed out in *City of Fort Smith* v. *Brewer*, 255 Ark. 813, at 819, 502 S.W. 2d 643 (1973), even though it is not for us to pass upon the logic or wisdom of a clearly expressed legislative intention, we should never construe an act, which does not state the intention in clear and unambiguous terms, to reach an illogical result. The act clearly does not prohibit the controverted payment. Had the drafters of our Workers' Compensation Act intended such a result, as claimed in the case at bar, appropriate language could have easily removed any doubt by so stating.

Temporary disability is defined as the healing period following an injury. It exists until the employee is as far restored as the permanent character of his injury will permit. Blair, *Workmen's Compensation Law*, § 11:02 (1974). Tem-

porary disability is a separate and distinct disability from any permanent disability and may be compensated separately. See *McKenzie* v. *Campbell & Dann Mfg. Co.*, 209 Tenn. 475, 354 S.W. 2d 440 (1962), which was cited with approval in *International Paper Company* v. *McGoogan, supra*, where the Tennessee court held that temporary total disability benefits are payable without interruption from the time of the injury to the time at which the degree of permanent disability is ascertainable.

We recognize that subsection (b) of § 81-1313 of the Arkansas act provides for temporary partial disability, and it might be argued that this subsection may also apply during the healing period. There are cases in other jurisdictions which hold that if an employee is able to do some work in gainful employment while still suffering from the effects of his injury, his total disability is regarded as partial. However, if during the period while the body is healing, the employee is unable to perform remunerative labor with reasonable consistency and without pain and discomfort, his temporary disability is deemed total. See Blair, *Workmen's Compensation Law, supra*, and cases cited therein. The evidence in this case clearly shows that whatever work appellant did during the period in question for Helena Chemical, he experienced pain in the performance of his work.[1] There is no substantial evidence here which would justify the turning of appellants' determined efforts to overcome his physical handicaps into a forfeiture of compensation during the healing period.

We are convinced that it was error to deny appellant compensation for the entire healing period. The judgment is therefore reversed and remanded with instructions to the circuit court to further remand the case to the Arkansas Workers' Compensation Commission with directions to award appellant temporary total disability for the entire healing period.

Reversed and remanded.

---

[1]Appellant went to work for Helena Chemical Company in January, 1977, and was employed for about six weeks.