## ARKANSAS STATE HIGHWAY AND TRANSPORTATION DEPARTMENT, Self-Insured Employer *v.* Johnnie M. BRESHEARS, Employee

CA 80-351                         609 S.W. 2d 81

Court of Appeals of Arkansas
Opinion delivered December 10, 1980

*Robert L. Wilson*, for appellant.

*William C. Gilliam*, for appellee.

MARIAN F. PENIX, Judge. Breshears, aged 55, was injured while working for the Arkansas Highway Department. He and a fellow employee were painting a ceiling at a highway rest area building on October 25, 1977. While engaged in the overhead painting Breshears felt a pop and heard a grinding sound in his left shoulder. Dr. Ralph D. Cash, an orthopedic surgeon, diagnosed Breshears' condition as "degenerative cervical arthritis". The claim was controverted in its entirety.

The Administrative Law Judge found Breshears was temporarily totally disabled from October 27, 1977 to May 17, 1978, with no permanent disability. Benefits were paid for

this seven month period. On April 14, 1979 Breshears filed a claim for additional temporary total benefits ands permanent partial benefits. On June 5, 1979, a hearing was held to determine the question of additional benefits. On February 11, 1980, as a result of the June 5, 1979 hearing, the Administrative Law Judge found Breshears was temporarily and totally disabled from the date of the injury until November 9, 1978, and awarded Breshears the additional temporary total sum, plus 25% permanent partial disability to the body as a whole, all medical expenses, and maximum attorney fees. The Highway Department appealed to the full Commission which affirmed.

The Highway Department accepted the Commission's award of 25% permanent partial disability. However, the Highway Department has appealed the award of additional temporary total.

The Highway Department contends the temporary total disability period ended on May 3, 1978. It bases its contention upon the May 3, 1978 letter of Dr. Ralph D. Cash which states "Mr. Breshears returned to my office today ... I am returning him to light duty at this time and will check him again in six weeks." Again in a July 5, 1980 deposition Dr. Cash responded:

Q. In the letter of May 3rd, you mentioned that Mr. Breshears had full range of motion to his left shoulder. You also mentioned that he was non-tender over the bicep and at that time he was able to return to light work or light duty. You also said you would check him again within six weeks. My question is whether or not my mentioning light duty in that letter — were you talking about the type work previously described to you by me from the record with exception of overhead painting?

A. Yes, sir. I felt that his main problem at the time was stiffness in his neck. I thought he should do something that didn't require heavy lifting, frequent jerking. I didn't think he could look overhead and do overhead painting at the time. But I thought as you described light maintenance work that he could probably do.

The Highway Department argues Dr. Cash was aware of the Claimant's duties as a rest area attendant and that such duties did not ordinarily require overhead painting, heavy lifting. It further argues Claimant was not disabled beyond May 3, 1978, as required by Ark. Stat. Ann. § 81-1310 which provides for compensation only during periods of disability. It contends the healing period is not synonymous with the disability period, and the Commission erred in holding Breshears' healing period to be the basis for his disability. The Commission found the healing period to have ended November 9, 1978 and awarded temporary total benefits to that date.

It contends the legislature never intended the healing period be used to determine temporary disability. It further argues if the legislature had intended such the Act would have based compensation payments on "healing period" rather than on "disability". §§ 81-1310 and 1313 speak of "period of disability" — not "healing period". Disability is defined by Ark. Stat. Ann. § 81-1302(e) (Repl. 1976) which provides:

> Disability means incapacity because of injury to earn, in the same or any other employment, the wages which the employee was receiving at the time of the injury.

The Highway Department argues Breshears was just as able to return to work on May 3 as he was on November 9. It argues Dr. Cash's May 3 letter stating Breshears is able to return to light work is evidence his temporary "disability" was ended on May 3 and not on November 9, "the end of his healing period".

The Highway Department concedes there are cases where the healing period and the temporary total disability period are concurrent. But in this case it argues there is substantial medical evidence of Breshears' ability to return to work six months before the end of healing.

This Court recently dealt with this precise point in *Pyles* v. *Triple F. Feeds of Texas, et al*, 270 Ark. 729, 606 S.W. 2d 146 (Ark. App. 1980). In that case we

rejected the argument that temporary total is only available when the claimant is unable to work and held temporary total benefits may continue until the healing period ends.

> Temporary disability is defined as the healing period following an injury. It exists until the employee is as far restored as the permanent character of his injury will permit. Blair, *Workmen's Compensation Law*, § 11:02 (1974). Temporary disability is a separate and distinct disability from any permanent disability and may be compensated separately. See *McKenzie* v. *Campbell & Dann Mfg. Co.*, 209 Tenn. 475, 354 S.W. 2d 440 (1962), where the Tennessee court held that temporary total disability benefits are payable without interruption from the time of the injury to the time at which the degree of permanent disability is ascertainable.

See also *International Paper Company* v. *McGoogan*, 255 Ark. 1025, 504 S.W. 2d 739 (1974).

Finding the payments are not barred by law, we next turn to whether there is substantial evidence to support the decision the healing period ended on November 9, 1978.

The record reflects Breshears returned to Dr. Cash on June 14, 1978 suffering from the same physical problems. In a July 5, 1978 letter Dr. Cash stated Breshears could do nothing which required lifting or overhead working. In Dr. Cash's report of December 20, 1978, he states "I last saw Mr. Breshears on November 9, 1978. At this time, I feel he has reached his period of healing." Again in Dr. Cash's deposition he specifically refers to November 9, 1978 as being the date at which Breshears had reached his healing.

The Commission found, as a matter of fact, Breshears was temporarily and totally disabled from October 25, 1977 until November 9, 1978. The Commission's findings of fact are binding upon this Court if we find substantial evidence to support them. *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W. 2d 360 (1979).

Affirmed.