Melia FENDLEY *v.* PEA RIDGE SCHOOL DISTRICT

CA 06-585                                    245 S.W.3d 676

Court of Appeals of Arkansas
Opinion delivered December 20, 2006

*Tolley & Brooks, P.A.*, by: *Evelyn E. Brooks*, for appellant.

*Bassett Law Firm, LLP*, by: *Curtis L. Nebben*, for appellant.

LARRY D. VAUGHT, Judge. Melia Fendley appeals from a decision of the Arkansas Workers' Compensation Commission. She contends that she is entitled to additional temporary total disability benefits from August 24, 2004, to March 27, 2005. Appellee Pea Ridge School District responds that as of August 24, 2004, Fendley was no longer totally incapacitated from earning wages, and therefore she is not entitled to additional benefits. We reverse and remand.

Fendley worked as a teacher in the Pea Ridge School District until September 26, 2003. On the 26th, she was leaving one class and walking to another class when she slipped on an incline and fell, injuring her right ankle. She remained off work and was receiving medical treatment for her ankle. She underwent surgery in April 2004. She was paid temporary total disability benefits from November 14, 2003, through August 23, 2004. Another hearing was held before an administrative law judge on August 17, 2005, to determine if Fendley was entitled to additional benefits through March 27, 2005.

At the hearing there was evidence presented that on November 12, 2004, Fendley underwent outpatient surgery to remove hardware — metal screws — from her right heel. Following the surgery, Fendley's treating surgeon, Dr. Ruth Thomas, outlined the following restrictions: elevate the foot above heart level for forty-eight to seventy-two hours, weight bear as tolerated, wear a wooden shoe if placing full weight on the operated foot after surgery, and return for a post-operative follow-up appointment on April 19, 2005. Additionally, the Outpatient Surgery Discharge Instructions stated that Fendley would be able to resume most normal activities the day after surgery.

With regard to her post-surgical medical treatment, Fendley testified that Dr. Thomas placed her in physical therapy in order to strengthen her right leg. Fendley also stated that — as part of her ankle-injury rehabilitation — each day she would run and walk, lifts weights, perform Pilates, toe raises, and various other leg-strengthening exercises. Fendley also introduced a letter from Dr. Thomas dated April 27, 2005. In this letter, Dr. Thomas wrote:

> I have reviewed Ms. Fendley's chart. As you know she underwent reconstruction surgery right foot, April 16, 2004. She is employed

as a physical education teacher. Ms. Fendley insisted to me that she could not do her work duties because of prolonged weakness following the surgery. Our reports suggest that she worked hard in therapy trying to regain her strength. Even on her last clinic visit of March 27, 2005 she demonstrated 2cm atrophy of the right calf when compared to the non-operative side. I believe Ms. Fendley could have performed some type of employment if it did not require the full strength of her operated calf. Accordingly, sitting and teaching would have been appropriate; demonstrating physical activities such as gymnastics and running would not have been appropriate. I hope this information is helpful.

Based on this evidence, the ALJ awarded additional benefits. The Pea Ridge School District appealed the decision of the ALJ to the Commission arguing that as of August 24, 2004, Fendley was no longer totally incapacitated from earning wages and therefore was not entitled to additional benefits. The Commission agreed and reversed the ALJ's award of benefits. It is from this decision that Fendley appeals.

As a starting point in our analysis of this appeal, we note the importance of the fact that Fendley's injury is a "scheduled" injury. Therefore, the standard used for temporary total disability for a non-scheduled injury, which only allows benefits when a claimant is within her healing period and when she suffers a total incapacity to earn wages, does not apply. *See Ark. State Highway & Transp. Dep't v. Breshears*, 272 Ark. 244, 613 S.W.2d 392 (1981) (setting out non-scheduled injury standard). Instead, as we outlined in *Wheeler Construction Co. v. Armstrong*, 73 Ark. App. 146, 41 S.W.3d 822 (2001), it is not necessary for a claimant with a scheduled injury to prove that she is totally incapacitated from earning wages in order to collect temporary total disability benefits. Arkansas Code Annotated § 11-9-521 provides that a claimant is entitled to temporary total disability benefits "during the healing period or until the employee returns to work, whichever occurs first."

Although we agree with the Commission that this language cannot be considered in a vacuum and that the employees' failure to return to work must be causally related to the injury, we take issue with the Commission's conclusion that because Fendley "has failed to prove that she was totally incapacitated from earning wages" her claim for additional benefits is "denied." In making this determination, the Commission's own opinion evi-

dences that it held Fendley to a stricter standard than required by law. Because Fendley suffered from a scheduled injury, she was not required to show that she was totally incapacitated from working — only that she had not returned to work because she remained in her healing period.

Because the Commission held Fendley to the incorrect standard, requiring that she prove a total incapacity to work, we reverse and remand this case to the Commission. We further instruct the Commission to make specific findings relating to the purpose of Fendley's second surgery as it relates to her improved range-of-motion.

Reversed and remanded.

GLOVER and CRABTREE, JJ., agree.