Cite as 2019 Ark. App. 517

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CV-19-308

| | |
|---|---|
| CITY OF FORT SMITH AND CENTRAL ADJUSTMENT CO., INC. | **Opinion Delivered:** November 6, 2019 |
| APPELLANTS | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G708569] |
| V. | |
| TRINA A. KAYLOR | |
| APPELLEE | REVERSED AND REMANDED |

**MEREDITH B. SWITZER, Judge**

The City of Fort Smith (Fort Smith) appeals the Workers' Compensation Commission's (Commission) award of temporary total–disability (TTD) benefits to appellee Trina Kaylor from October 13, 2017, until March 7, 2018. For the reasons discussed below, we reverse and remand this case to the Commission for further findings.

Kaylor began working as a meter reader for Fort Smith in December 2016. Her job required her to walk residential neighborhoods and record meter readings. Kaylor was counseled after being on the job a little less than a month that she needed to speed up her meter readings and improve the accuracy of the readings.

On June 20, 2017, Kaylor suffered an admittedly compensable left–leg injury when she stepped in a hole while reading meters.[1] Kaylor was placed on restricted duty. She was

---

[1]The administrative law judge (ALJ) found Kaylor's injury was a scheduled injury. The parties do not contest this finding.

required to alternate sitting, standing, and walking, and she could not lift over twenty pounds. Fort Smith provided work within Kaylor's restrictions performing re-reads of meters, but her accuracy and speed continued to be an issue—facts Kaylor admitted were legitimate concerns. Kaylor was terminated on October 13, 2017, for failure to maintain the level of meter-reading accuracy required by Fort Smith, which Fort Smith deemed to be "insubordination" as defined in its handbook as "failure to perform work assigned." Kaylor continued to receive medical treatment for her compensable injury, and she was released to return to work at full duty with no restrictions on March 7, 2018. Kaylor testified she did not work between October 13, 2017, the date of her termination, and March 7, 2018, the date she was released to return to work with no restrictions.

The ALJ found Kaylor had proved she was entitled to TTD benefits from October 13, 2017, until March 7, 2018. The Commission affirmed and adopted the ALJ's opinion as its own.[2] Fort Smith now appeals, arguing Kaylor is not entitled to TTD benefits because she had already returned to work, and she was terminated for reasons unrelated to her compensable injury.

In appeals involving workers' compensation claims, this court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. *Webb v. Wal-Mart Assocs., Inc.*, 2018 Ark. App. 627, 567

---

[2]Arkansas law permits the Commission to adopt the ALJ's opinion as its own. *Ark. Highway & Transp. Dep't v. Work*, 2018 Ark. App. 600, 565 S.W.3d 138. If the Commission adopts the ALJ's opinion, the ALJ's findings of fact and conclusions of law are made the Commission's findings of fact and conclusions of law, and this court considers both the ALJ's opinion and the Commission's majority opinion on appellate review. *Univ. of Ark. at Pine Bluff v. Hopkins*, 2018 Ark. App. 578, 561 S.W.3d 781.

S.W.3d 86. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. *Tyson Foods, Inc. v. Turcios*, 2015 Ark. App. 647, 476 S.W.3d 177.

In awarding Kaylor TTD benefits from October 13, 2017, until March 7, 2018, the ALJ cited *Tyson Poultry, Inc. v. Narvaiz*, 2010 Ark. App. 842. Our supreme court vacated that decision in *Tyson Poultry, Inc. v. Narvaiz*, 2012 Ark. 118, 388 S.W.3d 16. While this court's decision denied the employee benefits after he was terminated while on light duty after a compensable injury when he called his supervisor a "mother-f—king bitch," our supreme court held Narvaiz was entitled to TTD benefits for the remainder of his healing period after he was terminated for misconduct, as the misconduct did not amount to a refusal of suitable employment. Presumably, the ALJ mistakenly cited this court's case but actually relied on our supreme court's holding in awarding Kaylor TTD benefits. *Narvaiz* was analyzed under Arkansas Code Annotated section 11-9-526 (Repl. 2012), which provides, "If any injured employee refuses employment suitable to his or her capacity offered to or procured for him or her, he or she shall not be entitled to any compensation during the continuance of the refusal, unless in the opinion of the Workers' Compensation Commission, the refusal is justifiable." In the present case, the ALJ clearly analyzed Kaylor's entitlement to TTD benefits under section 11-9-526.

The standard used for determining entitlement to TTD benefits differs depending on whether the injury is a scheduled injury or a nonscheduled injury. In this case, it is undisputed that Kaylor's injury is a scheduled injury. For a nonscheduled injury, TTD benefits are allowed only when a claimant is within his or her healing period and suffers a total incapacity to earn wages. *Fendley v. Pea Ridge Sch. Dist.*, 97 Ark. App. 214, 245 S.W.3d

3

676 (2006). Conversely, it is unnecessary for a claimant with a scheduled injury to prove a total incapacity to earn wages in order to be entitled to TTD benefits. *Id.* (citing *Wheeler Constr. Co. v. Armstrong*, 73 Ark. App. 146, 41 S.W.3d 822 (2001)). Arkansas Code Annotated section 11-9-521(a) (Repl. 2012), which applies to *scheduled* injuries, provides that a claimant is entitled to TTD benefits "during the healing period or until the employee returns to work, whichever occurs first" *See also Robertson v. Pork Grp., Inc.*, 2011 Ark. App. 448, 384 S.W.3d 639. If the claimant is either outside the healing period or has returned to work, he or she is not entitled to benefits.

In the present case, neither the Commission nor the ALJ made any findings with regard to the requirements set forth in section 11-9-521(a). While this court has held that section 11-9-526 may be applicable in determining TTD benefits for scheduled injuries— *see Turcios v. Tyson Foods, Inc.*, 2016 Ark. App. 471, 504 S.W.3d 622, and *Gomez v. Crossland Constr. Co., Inc.*, 2011 Ark. App. 787—it has not held that such application may be made without first making findings regarding the requirements set forth for determining TTD benefits for scheduled injuries under subsection (a).

The Commission has the duty to make factual findings and conclusions "with sufficient detail and particularity to allow us to decide whether its decision is in accordance with the law." *Parker v. Advanced Portable X-Ray, LLC*, 2014 Ark. App. 11, at 5, 431 S.W.3d 374, 379. This court does not review Commission decisions de novo on the record, nor do we make findings of fact the Commission should have made but did not. *Stallworth v. Hayes Mech., Inc.*, 2013 Ark. App. 188. If the Commission fails to make specific findings of fact on an issue, it is appropriate for this court to reverse and remand the case for such

4

findings to be made by the Commission. *Id.* Because the Commission failed to make any findings with respect to whether Kaylor was entitled to TTD benefits under section 11-9-521(a), we reverse and remand for such findings to be made.

Reversed and remanded.

HARRISON and KLAPPENBACH, JJ., agree.

*Daily & Woods, P.L.L.C.*, by: *Douglas M. Carson*, for appellant.

*Medlock and Gramlich, LLP*, by: *Jered Medlock*, for appellee.